**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

KENEREIS GEORGE                                         CASE NO.  6:24-CV-00664

VERSUS                                                          JUDGE ROBERT R. SUMMERHAYS

COMMISSIONER OF SOCIAL SECURITY        MAGISTRATE JUDGE DAVID J. AYO

<u>RULING</u>

The present matter before the Court is an objection to the Magistrate Judge's report and recommendation ("R&R") filed on September 18, 2025. [ECF No. 12]. This case is an appeal from the Commissioner's finding of non-disability. The R&R recommends that the Commissioner's decision be affirmed. The claimant, Kenereis George, filed a timely objection to the R&R.[1] The primary new argument raised by George is that the Magistrate Judge failed to apply the appropriate standard for judging the claimant's subjective symptomatic complaints. Specifically, the Magistrate Judge cited Social Security Ruling ("SSR") 96-7P, which describes how the Commissioner is to evaluate subjective symptoms and determine the credibility of an individual's statements. That SSR provides in pertinent part:

> 4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.[2]

George contends that this SSR was superseded by SSR 16-3p.[3]George is correct in this regard. In March 2016, the Social Security Administration issued SSR 16-3p, which provided guidance

---

[1] ECF No. 13.
[2] Titles II & Xvi: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7P (July 2, 1996), 1996 WL 374186, *1.
[3] Soc. Sec. Ruling 16-3p: Titles II & Xvi: Evaluation of Symptoms in Disability Claims, SSR 16-3P (Mar. 16, 2016), 2016 WL 1119029.

regarding how the Administration evaluates "statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims."[4] This Ruling superseded SSR 96-7p, which for decades provided guidance on this topic. George is correct that Ruling 16-3p eliminated the use of the term "credibility" from the Administration's sub-regulatory policy, which merely brought the policy language in line with long-standing regulations that did not employ the term.[5] However, the fact that the Magistrate Judge cited a superseded ruling and standard does not change the result here because the change brought about by SSR 16-3p was largely semantic.[6] Based on the Court's independent review and consideration of the record, the Magistrate Judge's reasoning and conclusions were correct under either standard.

George's remaining objections merely repeat arguments made before the Magistrate Judge. Accordingly, the Court OVERRULES George's objections and ADOPTS the R&R in its entirety.

THUS DONE in Chambers on this 31st day of March, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[4] *Id.* at *1.

[5] *Id.*

[6] *See Bays v. Colvin*, No. 1:15-cv-199, 2016 WL 7324705, at *7 n.6 (E.D. Cal. Dec. 14, 2016) ("Ruling 16-3p implemented a change of diction rather than substance."); *Lockwood v. Colvin*, No. 15-192, 2016 WL 2622325, at *3 n.1 (N.D. Ill. May 9, 2016) (noting substantial consistence between the old and the new ruling in terms of the two-step process to be followed and the factors to be considered in the evaluation); *see, also*, *Burnstad v. Colvin*, No. 6:15-cv-00921, 2016 WL 4134535, *11 n.9 (D. Or. Aug. 2, 2016) (documenting differential treatment among district courts about whether SSR 16-3p should apply retroactively); *Dooley v. Comm'r of Soc. Sec.*, 665 Fed.Appx.113, 119 n.1 (6th Cir. 2016) (noting that because SSR 16-3p did not alter the existing portion of the rule at issue, the court "need not reach the issue" of whether SSR 16-3p applies retroactively).